OCEAN INSURANCE COMPANY, applicants for commission to take depositions *in perpetuam*, vs. JAMES BIGLER, and another.

Cumberland.     Opinion July 30, 1881.

*Depositions in perpetuam.   R. S., c. 107.*

The provisions of the statutes authorizing the issuing of commissions by the Supreme Judicial Court for the taking of depositions in other States or foreign countries, to perpetuate the testimony of witnesses living out of the State, do not limit the power of the court to issue these commissions to cases where some one, or more, of the persons supposed to be adversely interested resides within this State.   The court may issue such commissions though all the adverse parties reside without the State.

ON EXCEPTIONS.

Application to issue a commission to take the depositions *in perpetuam* of certain witnesses residing out of the State in relation to a claim made by James Bigler of Newburg, N. Y. and

Willard W. Brown of Buffalo, N. Y. under a policy issued by the Ocean Insurance Company upon the ship "Elizabeth Hamilton," for the alleged loss of the ship. The petition states that Bigler had threatened to bring a suit against the company upon the claim; that Bigler and Brown were the only persons interested in the claim under the policy; that there was a good defence to such claim, and that the company desired to perpetuate the testimony of the following witnesses, (naming them) to substantiate such defence.

Upon this application, filed at the April term, 1881, an order of notice issued and was duly served, and on the return day, July 18, 1881, the respondents "appearing solely for the purpose of objecting," objected to issuing the commission because,

1. Neither of them is a resident of this State.

2. Neither was served with these proceedings in this State.

3. This court has therefore no jurisdiction.

The objections were overruled and exceptions were taken to that ruling.

*Webb and Haskell*, for the petitioners.

*William L. Putnam*, for the respondents.

BARROWS, J. Sections 26, 27 and 28 of c. 107, R. S., should receive such construction consistent with their terms, as will make them most effective to remedy the mischiefs against which they were designed to operate. Their scope and effect should not be unnecessarily restricted by a doubtful construction or labored inference. They contain provisions authorizing the issuing of commissions by the Supreme Judicial Court for the taking of depositions in other States or foreign countries, to perpetuate the testimony of witnesses living out of this State.

The course of proceeding prescribed, requires the applicant to file "a statement in writing, under oath, setting forth in substance his title, interest or claim in the subject to which the desired testimony relates, and the names of all persons supposed to be interested therein; and the name of each witness proposed to be examined," like that which under section 22, (regulating the taking of depositions *in perpetuam* within the State) must be

delivered to the magistrate who is requested to take the deposition. By § 22 which contemplates the taking of the deposition upon interrogatories propounded by the parties or their attorneys *viva voce*, the magistrate is directed to give notice of "the time and place for taking such deposition to all persons so named in the statement, which may be given and proved as in the case of other depositions." Referring now to § § 6 and 8 of the same chapter, we find among other things that the service of the notice "may be made by a sworn officer or by any other person and proved by his affidavit; that notice to one or more of the adverse party is sufficient, and that he shall be allowed, at least, at the rate of one day, Sundays excepted, for every twenty miles travel from his usual place of abode to the place of caption between the service of the notice and the time appointed for taking the deposition. While this provision is without limitation as to the place of residence (whether within or without the State) of the party to be thus notified, it might require in extreme cases within this State, the lapse of more than twenty days, exclusive of Sundays, between the time of service and that of caption of the deposition. It is manifest that no such length of time is necessary to enable a party resident in this State to prepare himself for a hearing upon the question whether a commission to take such deposition ought to issue, and accordingly by § 27 it is provided that upon application to the court for the issuing of a commission, "the court shall order notice to be served upon each of the parties named in the statement, living in the State, fourteen days before the time appointed for hearing the parties; or, under § 28, the applicant "may file his statement in the clerk's office in vacation, and cause notice to be given to the persons named therein as interested fourteen days at least before the next term of court, at which time the parties may be heard."

The respondents in the present case having been personally served beyond the limits of the State with copies, attested by the clerk of the courts, of the statement, application and order of notice, appeared at the time appointed and objected to the issuing of the commission on the following grounds, viz: that neither of them is a resident of the State of Maine, nor was

served with notice of these proceedings within it and therefore that the court had no jurisdiction to entertain and grant the application.

We think the objections were rightly overruled. In view of the general language contemplating the giving of notice to all persons named in the statement as supposed to be interested therein, without regard to their place of residence, we do not think that we ought to infer from the single provision that a specific period of fourteen days' notice to those living within this State is to be regarded as sufficient, that it is not competent to take the testimony in this mode when all the parties supposed to be adversely interested reside out of the State. The respondents do not seem to have objected on the ground that they had not had a notice of the required length of time to enable them to appear, nor that the application and statement were not under oath.

They must be confined to the objections which they interposed at *nisi prius.* Whether fourteen days' notice to parties resident out of the State and more than two hundred and eighty miles distant from the place of return is sufficient is not now the question.

Want of proper opportunity to cross-examine witnesses called by the adverse party is an objection entitled to the favorable consideration of the court, but it does not exist and cannot be urged here. The respondents can present their cross-interrogatories to go with the commission as well as though a suit were now pending between the parties.

Taking all the provisions of the statute together we think the legislature did not intend to limit the power of the court to issue these commissions to cases where some one (or more) of the persons supposed to be adversely interested resides within the State. Sufficient notice to the adverse party wherever his residence is, to enable him, if he sees fit, to exercise his right of cross-examination, is essential.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.